UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

POPLAR OAKS, INC.,

    Plaintiff,

v.                              Case No:   2:14-cv-692-FtM-38DNF

JOHN DOE,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. #6) filed on December 12, 2014. In support of its motion, Plaintiff Poplar Oaks, Inc. filed a memorandum (Doc. #6-1), a Declaration of Patrick Paige (Doc. #7; Doc. #10), and a Declaration of Daniel Susac (Doc. #8).

### Standard

Discovery is normally barred prior to the Rule 26(f) conference. Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc., No. 8:08-cv-310-T-27MAP, 2008 WL 927558 *1 (M.D. Fla. Apr. 4, 2008) (citing Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order.")).  A court may allow discovery

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

before the Rule 26(f) conference upon a showing of "good cause." In order to obtain expedited discovery, the burden is on the moving party to show good cause for departing from the usual discovery procedures.  Platinum Mfg. Intern., 2008 WL 927558 at *1 (citing Nassau Terminals, Inc. v. M/V Bering Sea, No. 99-104-CIV-J-20C, 1999 WL 1293476 (M.D. Fla. July 1,1999)); Malibu Media, LLC v. Doe, No. 8:13-cv-857-T-35TDW, 2013 WL 1620366, at *1 (M.D. Fla. Apr. 15, 2013).

> In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe Defendant, and there is a risk an ISP will destroy its logs prior to the conference.

UMG Recording, Inc. v. Doe, No. C 08-193 SBA, 2008 WL 4104214, *4 (N.D. Cal. Sept. 3, 2008) (citations omitted).

## Discussion

On November 28, 2014, Poplar Oaks filed this instant copyright infringement action (Doc. #1) alleging Defendant John Doe is liable for direct copyright infringement in violation of 17 U.S.C. § 101, et seq. Poplar Oaks has now filed this instant motion seeking early discovery. Poplar Oaks alleges John Doe used his Internet Protocol ("IP") to distribute Poplar Oaks' copyrighted work. In addition, Poplar Oaks argues John Doe's IP address was assigned to him by his respective Internet Service Provider ("ISP"). Poplar Oaks further asserts that the ISP can use the IP address to identify John Doe. Consequently, Poplar Oaks requests permission to serve Rule 45 subpoenas on John Doe's ISP that will enable Poplar Oaks to discover John Doe's true name, address, telephone number, and e-mail address and in turn allow Poplar Oaks to serve process on John Doe. Finally, Poplar Oaks asserts there is no alternative way for it to discover John

Doe's true identity and Poplar Oaks must learn the true identity of John Doe to proceed with its case. Upon consideration of the motion and the accompanying exhibits, including the exhibits affiliated with the Complaint, the Court finds there is good cause to grant Poplar Oaks' request. (See Doc. #1, Doc. #5-1; Doc. #5-2; Doc. #6; Doc. #6-1; Doc. #7; Doc. #8; Doc. #10).

Accordingly, it is now

**ORDERED:**

1. Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. #6) is **GRANTED**.

    a. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of Defendant John Doe to whom the ISP assigned an IP address as set forth in the motion and exhibits.  Plaintiff shall attach to any such subpoena a copy of the complaint, motion, and this order.

    b. Plaintiff may serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant.

    c. The ISP that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

    > the term "cable operator" means any person or group of persons (A) who provides cable services over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system

3

        shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

    d. The subpoenaed ISP shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its consumers. If necessary, the Court shall resolve any disputes between the ISP and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

    e. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

2. Plaintiff is warned that it is required to file attachments to its motions and pleadings in accordance with the Middle District of Florida CM/ECF Administrative Procedures.[2] Plaintiff is expected to comply with the procedures going forward in this litigation. Failure to comply with the procedures may result

---

[2] The Middle District of Florida CM/ECF Administrative Procedures can be found here: http://www.flmd.uscourts.gov/cmecf/CM-ECF_ADMINISTRATIVE_PROCEDURES_03-15-07-FINAL.pdf

in court sanctions, such as striking pleadings and documents, or court orders that inadvertently do not reflect all materials affiliated with a motion.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of December, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record